**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Theaughn Lewis | : | CIVIL ACTION |
| 2401 7th Avenue | : | |
| Beaver Falls, PA 15901 | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | NO.   2:23-cv-0035 |
| Aliquippa Police Department | : | |
| 300 Franklin Avenue | : | |
| Johnstown, PA 15901 | : | |
| | : | |
| and | : | **JURY TRIAL DEMANDED** |
| | : | |
| Bruce A. Tooch, Jr. | : | |
| 220 Hookstown Grade Road | : | |
| Coraopolis, PA 15108 | : | |
| | : | |
| and | : | |
| | : | |
| Paul Woods | : | |
| | : | |
| and | : | |
| | : | |
| John Doe | : | |
| | : | |
| *Defendants* | : | |

**CIVIL ACTION COMPLAINT**

Theaughn Lewis, by and through his undersigned counsel, Swartz Culleton PC, files the within Civil Action Complaint and avers as follows:

**PARTIES AND VENUE[1]**

1. Plaintiff, Theaughn Lewis, is a 24-year-old adult individual and citizen and

---

[1] Jurisdiction is based on 28 U.S.C. §1331, as the action arises under the Constitution, laws, or treaties of the United States. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

resident of the Commonwealth of Pennsylvania, residing at the above-captioned address. At the time of the below-described assault, Plaintiff weighed approximately 150 pounds.

2. Defendant, Aliquippa Police Department, is a political subdivision of the Commonwealth of Pennsylvania, located at the above address.

3. Defendant, Bruce A. Tooch, Jr., is an adult individual and police officer residing at the above-captioned address, who, at all times relevant to this Complaint, was the agent, servant, workman and/or employee of Defendant Aliquippa Police Department, and was acting within the course and scope of his employment with the police department, pursuant to official policy and custom of the police department, and under the color of state law. Tooch is sued in his individual and official capacities.

4. Defendant Paul Woods is an adult individual and police officer who, at all times relevant to this Complaint, was the agent, servant, workman and/or employee of Defendant Aliquippa Police Department, and was acting within the course and scope of his employment with the police department, pursuant to official policy and custom of the police department, and under the color of state law. Woods is sued in his individual and official capacities.

5. Defendant John Doe is an adult individual and police officer who, at all times relevant to this Complaint, was the agent, servant, workman and/or employee of Defendant Aliquippa Police Department, and was acting within the course and scope of his employment with the police department, pursuant to official policy and custom of the police department, and under the color of state law. John Doe is sued in his individual and official capacities.

**FACTS GIVING RISE TO LIABILITY**

6. On or about January 2, 2023, Lewis was lawfully standing in the front of 419 ½ Allegheny Avenue, West Aliquippa, Pennsylvania, along with Justin Carr and Monica

McCutchen.

7. Carr had previously reported his car stolen, and on January 2, 2023 contacted the Police Department to report that he had found his vehicle. The individual Defendants (Tooch, Woods, and John Doe) dispatched to Carr's home on Allegheny Avenue, apparently to confirm that Carr had recovered the vehicle. The individual defendants encountered Carr, McCutchen, and Lewis near the residence. Lewis was not a suspect in the theft.

8. A verbal dispute ensured between Lewis and the individual Defendants.

9. The individual Defendants (Tooch, Woods, and John Doe), without probable cause to make an arrest, announced that Lewis was arrest. In the course of making the unlawful arrest, Tooch violently assaulted Lewis without provocation by punching him in the back of the head with closed fists while he was already restrained and on the ground. While assaulting Lewis, Tooch screamed at the terrified Lewis: "now you're going to get it."



*Screenshots from the assault – Tooch violently strikes a terrified Lewis with a closed fist in the back of the head while Lewis is already restrained.*[2]

---

[2] The full video of the assault can be viewed here:

10. The 150-pound Lewis did not physically resist the individual Defendants, and at no point posed any threat to the Defendants. The force used by Defendants to make an unlawful arrest was unreasonable in light of (1) Lewis' stature; (2) the fact that there was no cause to make an arrest in the first place; and (3) the facts that that he posed no threat to Defendants and did not resist.

11. Lewis committed no crime, yet Defendants unlawfully arrested him for aggravated assault, resisting arrest, and obstruction of administration of law. As of the filing of this Complaint, Lewis remains in the Beaver County Jail, despite having committed no crime. In addition to falsely arresting Lewis, Tooch falsified an arrest affidavit. Tooch falsely stated that, when the individual Defendants attempted to arrest Lewis, he refused an order to put his hands behind his back and threw a punch at Woods. Lewis neither refused such an order nor threw a punch. Indeed, the individual Defendants never gave Lewis an order to place his hands behind has back. Tooch also falsely stated in an affidavit that McCutchen shoved and jumped on Woods' back. This did not happen either.

12. As a direct result of the above violent and unprovoked attack, Lewis sustained injuries to his head and face in addition to mental anguish. Lewis' injuries were the result of the officers' direct violation of his constitutional rights.

13. The Individual Defendants' actions constitute a substantive due process violation, false arrest and imprisonment, and excessive use of force, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

---

https://www.facebook.com/100001447087774/posts/pfbid02PbVMYabetHoJmSkRxmZkGx8kR3um7bnvoxJGy7YqZnipHuVSBcBiexN2YZqFck1jl/?sfnsn=mo&extid=a&mibextid=6aamW6

## COUNT I
## THEAUGHN LEWIS v. ALIQUIPPA POLICE DEPARTMENT
### MONELL CLAIM

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if the same were set forth herein at length.

15. The individual Defendants' aforesaid assault and unlawful arrest of Plaintiff was without provocation and unreasonable, and was a direct result of Defendant Aliquippa Police Department's custom and practice of arresting civilians without probable cause, falsifying affidavits, and using excessive force to effectuate arrests. More specifically, the police department had a custom and policy of permitting its officers to strike non-resisting civilians in the head with closed fists without first implementing less harmful measures.

16. The Department's custom and practice of arresting civilians without probable cause and falsifying affidavits is illustrated by the fact that the individual Defendants arrested Carr and McCutchen without probable cause and falsified affidavits in support of the arrests. McCutchen, like Lewis, was charged with aggravated assault despite having committed no crime. Tooch also falsified an affidavit to support the arrest of McCutcheon, as detailed above.

17. Defendant Aliquippa Police Department was aware of and recklessly and deliberately indifferent to the need for additional and/or different training, testing, rules, regulations, policies, procedures guidelines, directives and discipline relating to the standards for making a lawful arrest and the appropriate force to be used in effectuating arrests; and the Department maintained a custom, policy or practice of failing to discipline and/or encouraging the aforesaid violent and illegal behavior. Defendant's failure to properly train its employees, agents, representatives, including, but not limited to, Bruce A. Tooch, Jr., Paul Woods, and John, amounts to deliberate indifference to the rights of Plaintiff.

18.     As the direct and proximate result of Defendant's custom and practice of arresting civilians without probable cause and using excessive force to effectuate arrests, Plaintiff suffered the loss of liberty and sustained serious bodily and emotional harm, and was deprived of his right to bodily integrity and to be free from unlawful arrest and excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands punitive and compensatory damages against the Defendant in an amount in excess of $75,000.00, plus costs, interest, and attorneys' fees on each count.

**COUNT II**
**THEAUGHN LEWIS v. INDIVIDUAL DEFENDANTS**
**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. SECTION 1983**

19.     Plaintiff incorporates by reference paragraphs 1 through 18 as if the same were set forth herein at length.

10.     The individual Defendants assaulted, falsely arrested, and applied excessive physical force against Lewis far in excess of what was reasonably necessary to achieving legitimate law enforcement objectives and in clear violation of Lewis' rights under Federal law.

21.     Defendants had no probable cause to arrest Lewis in the first place and then maliciously applied excessive physical force against Lewis despite a lack of any resistance by Lewis to any of the Defendants' actions or requests.

22.     Lewis fully cooperated with Defendants, posed no threat to either the Defendants or any other individuals present, and Defendants had no probable cause to arrest Plaintiff based on Plaintiff's actions.

23.     The Defendants' treatment of Lewis was conscience-shocking, without

provocation and unreasonable, and was as a direct result of the Aliquippa Police Department's custom, policy, and practice of arresting civilians without probable cause and using excessive force to effectuate arrests.

24. The aforementioned conduct of Defendants, acting under color of state law, was reckless and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious and willful disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to Lewis, and was so egregious as to shock the conscience.

25. The aforementioned conduct of Defendants, acting under color of state law, created a danger which resulted in the aforementioned severe physical and emotional harm.

26. The aforementioned conduct of all Defendants, acting under color of state law, violated Plaintiff's constitutional rights to be free from unlawful arrest, rights of privacy, right to bodily integrity, right to safety, as guaranteed by the fourth, fifth, and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C § 1983.

27. The conduct of all Defendants as set forth above was the moving force behind the violation of and/or caused the violation of Plaintiff's civil rights as set forth above.

28. As the direct and proximate result of the Police Department's custom, practice and policy and the aforesaid unlawful and malicious physical abuse of plaintiff by the officers, plaintiff suffered the loss of liberty, serious bodily injury, and emotional harm.

WHEREFORE, Plaintiff demands punitive and compensatory damages against the Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorneys' fees on each count.and legal fees as the court shall allow.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

                          Respectfully Submitted,

                          **SWARTZ CULLETON PC**

                          **/s/Anthony J. Giannetti, Esq.**
By:   Anthony J. Giannetti, Esq.
       Adam D. Shorr, Esq.
       310 Grant Street, Suite 715
       Pittsburgh, PA 15219
       412-238-7610
       412-200-7595 (Fax)
       agiannetti@swartzculleton.com

Date: January 8, 2023